### E. M. Condit v. A. V. Lee, Justice of the Peace.

1. COSTS—*Jury Fees, in Criminal Prosecutions.*—A person on trial for a criminal offense before a justice of the peace is entitled to a jury trial without advancing the fees of the jury.

2. SAME—*Advancing Jury Fees.*—In criminal prosecutions before justices of the peace neither the people nor the prosecuting witness can be required to advance jury fees.

Mamdamus.—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1898.    Reversed and remanded.    Opinion filed July 11, 1899.

J. W. BURDETTE, attorney for appellant.

No appearance for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

This is a proceeding for mandamus to compel a justice of the peace to proceed to summon a jury demanded in a criminal action pending before said justice and to hear and determine the case according to law.

The petition shows that Joseph Aldermatt, arrested and arraigned for trial before the defendant, A. V. Lee, justice of the peace, demanded a jury trial, and that a demand was made on the justice to summon a jury and try the cause, and that the justice refused to proceed.

E. M. Condit, as relator, filed a petition for a mandamus in the Circuit Court. Lee demurred to the petition in the Circuit Court, and the demurrer was sustained and judgment entered against the relator for costs. The relator appealed to this court.

The appellee has filed no brief in this case. If it were a rule of this court, as it is of some reviewing courts, that where the appellee files no brief the judgment will be reversed, such rule would be enforced in this case with pleasure.

The accused, when brought before the appellee, was entitled to have his cause tried by a jury. His demand for a jury should have been granted. He could not be legally required to advance jury fees. Sec. 167, Ch. 79, Hurd's Rev. Stat. of Ill., is as follows, viz.:

"The person accused may have the cause tried by a jury upon the same conditions, and the jury shall be summoned and impaneled in the same manner as in civil cases before justices of the peace. The defendant shall not be required to advance the jury fees."

In civil cases, before justices of the peace, "either party may have the cause tried by a jury if he shall so demand before the trial is entered upon, and will first pay the fees of the jurors." Hurd's Stat., Ch. 79, Sec. 48.

We are not aware of any statute, or any law, or any re-

ported case, which requires one party to advance the fees for a jury which he does not call for and which is demanded by the opposite party.

Counsel for appellant, in his printed argument, makes this statement, viz.:

" The only reason urged by the appellee for refusing to summon a jury at the time demand was made on him so to do, and the only reason urged by his counsel before the Circuit Court, and the only reason given by the Circuit Court for sustaining the demurrer, was that the complaining witness in the action against Aldermatt declined to advance fees for the jury in the justice court, and that the justice was not obliged to summon a jury unless and until fees for the jury were advanced and paid into court. No other point has been advanced at any time during this contention."

The case before said justice of the peace was by the people of the State of Illinois. The State is never bound to pay costs except in some particular way pointed out by statute. People v. Pierce, 1 Gilm. 553.

As against the people, i. e., the State, a juror in a criminal case before a justice of the peace is not entitled to any fees in Cook county. Whether the State has established a different rule in counties of the first and second class it is not necessary here to determine. See Hurd's Stat., Ch. 53, Sec. 40.

Upon what theory it can be successfully contended that it is the duty of the prosecuting witness to advance the jury fees in a people's case we can not imagine. The people can not be required to advance the jury fees in a criminal case before a justice of the peace—neither can the prosecuting witness be required to do so. The statute specially provides that the defendant shall not be required to make such advance. The result is that if the justice of the peace is in duty bound to issue a venire and summon a jury in such a case, and he declines so to do, all that is necessary for a defendant then to do to prevent his prosecution is to demand a jury. To contend that the people are so powerless, and are thus dependent upon the grace and favor of a justice of the peace, is absurd.

. The following statement in the printed argument of counsel for defendant, if correct, shows the result of such absurdity, viz.:

"In more than forty other cases against offenders then pending, some before appellee and some before a neighboring justice, the defendants immediately, upon learning the attitude of appellee in the case before him, gave notice that they would pursue the same course as the defendant Aldermatt, and the prosecutions were temporarily abandoned until this question could be adjudicated."

The judgment of the Circuit Court is reversed and the cause remanded. The Circuit Court will overrule the demurrer to the petition, with leave to the respondent to plead or answer, as he may be advised, and in default of such plea or answer will issue the writ of mandamus, pursuant to the prayer of such petition. Reversed and remanded.